**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gregory Scott FERRIS,**
**Defendant-Appellant.**

**No. 82–1479.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1983.

Decided Nov. 7, 1983.

Charles Stuckey, Portland, Or., for plaintiff-appellee.

Stephen R. Sady, Portland, Or., for defendant-appellant.

Before KENNEDY, TANG, and POOLE, Circuit Judges.

KENNEDY, Circuit Judge:

Ferris appeals his convictions for possession of controlled substances with intent to distribute (Count I), conspiracy to distribute (Count II), and distribution (Count III) in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Two of Ferris's acquaintances, Jarvis and Grange, burglarized a storage locker and took a trunk filled with LSD tablets. With Ferris's permission they stored the trunk on his premises. The next day Jarvis and Grange transferred it to another storage locker and listed Ferris as the person to contact in case of emergency.

The extent of Ferris's participation in the possession and subsequent sale of the drugs was the principal issues at trial, Ferris claiming lack of knowledge and participation at all times. It seems that Ferris may not have known initially what the trunk contained. There was testimony, however, that he later helped count the LSD tablets, and that he tried to advise Jarvis and Grange how to sell them.

Ferris's most significant argument on appeal is that the trial court deprived him of his constitutional right to a unanimous verdict by declining a proferred instruction that the jury must be in unanimous agreement on the precise act of possession with intent to distribute as alleged in Count I. See U.S. Const. amend. VI; see also Fed.R. Crim.P. 38.

The various acts of possession the Government sought to establish allegedly occurred between November 20, 1980 and January 29, 1981. Ferris argues that there is no indication that the jurors agreed upon the same act as the basis for finding him

culpable. He asserts that different jurors may have predicated their guilty votes on different acts of possession, occurring at different times.

■ In our view the case is a routine one in which the jury is called upon to make relatively simple inferences respecting criminal activity, and we do not think the two month period involved makes the case particularly difficult or complex. Thus, appellant's argument translates to the contention that an instruction on unanimity tailored to the particular charges in a case must be given at every trial. That is not the law in this circuit, and we reject the claim of error.

■ The question whether a jury is unanimous in its agreement to convict on a given count may arise in varying contexts, including cases in which the count contains such different or lengthy factual allegations that multiple combinations of fact are sufficient to convict, and cases where the statutory definition itself contains multiple bases for criminal liability, e.g., either concealing stolen property or selling it. *See United States v. Gipson,* 553 F.2d 453, 458 (5th Cir.1977). The trial court stated simply that the jury's verdict must be unanimous. Unanimity, of course, means more than a conclusory agreement that the defendant has violated the statute in question; there is a requirement of substantial agreement as to the principal factual elements underlying a specified offense. 553 F.2d at 457–58. We would consider it appropriate for the trial court to instruct the jury to this effect. In the routine case, however, failure to adopt this formulation is not error.

We have noted approval of instructions which advise jurors that unanimity is required as to one specific part of a multipart indictment count, those cases being ones in which discrete acts are alleged in a single count, such as charges of separate false statements, any one of which is sufficient to convict. *See United States v. Jessee,* 605 F.2d 430 (9th Cir.1979); *Bisno v. United States,* 299 F.2d 711 (9th Cir.1961), *cert. denied,* 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). In other cases, how-ever, including matters considerably more complex than the instant one, we have recognized that under some circumstances a general instruction on unanimity may suffice, without a further statement that a single set of facts on a single theory of liability must be agreed upon. *See Vitello v. United States,* 425 F.2d 416 (9th Cir. 1970), *cert. denied,* 400 U.S. 822, 91 S.Ct. 43, 27 L.Ed.2d 50 (1970); *United States v. Friedman,* 445 F.2d 1076 (9th Cir.1971), *cert. denied,* 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971).

■ There may be cases in which the nature of the evidence, questions from the jury, some variance between the proof and the indictment, or ambiguous supplementary instructions from the court, may require the court to frame an instruction that substantial agreement is required on a specific set of facts. In the ordinary case, however, the general instruction that a unanimous verdict is required will suffice. In the case before us, the various acts indicating knowing possession were not inconsistent with each other; and even if one set of jurors might have focused on one part of the transaction while another set focused upon a different part, it does not follow that either set of jurors were in disagreement with the other. The case was sufficiently simple and clear in its presentation that unanimity can be assumed based on the general instruction. The instant case is different, therefore, from *United States v. Gipson,* 553 F.2d 453 (5th Cir.1977), the one principally relied upon by Ferris, in which the trial court explicitly and erroneously instructed that the jury need not be unanimous with respect to alternate theories of criminal liability.

■ Ferris also appeals the trial court's refusal to instruct the jury that mere presence at the scene of the crime or knowledge that it was being committed is insufficient to convict. The trial judge did so instruct with reference to the conspiracy count but not as to the substantive counts, an omission the appellant claims is error. In the circumstances of this case, we think that

the instruction given was sufficient, and that its repetition would have been cumulative. We note, moreover, that a defendant is not entitled to a mere presence instruction of his own phrasing.

 Ferris further contends that there was insufficient evidence to convict him for distribution of LSD. Although a defendant is liable for the acts of his coconspirators in furtherance of a conspiracy, *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), Ferris argues that Grange acted on his own when he sold the LSD. Ferris points out that Grange diverted the LSD from the storage locker without the knowledge of his coconspirators, and that he used it, in part at least, to pay off an old debt. This does not, however, preclude a reasonable jury from finding that the sale was in furtherance of the conspiracy.

Ferris also challenges the trial court's exclusion of the unfavorable results of a polygraph test given a Government witness. The Ninth Circuit has repeatedly held that admission of polygraph testimony is within the discretion of the trial court. *See United States v. Marshall*, 526 F.2d 1349, 1360 (9th Cir.1975), *cert. denied*, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 376 (1976). We do not think the rule loses much of its force because of the circumstances of this case, namely the fact that the Government administered the test to one of its own witnesses and that he failed it.

Ferris finally argues that his wife should have been barred under the confidential marital communications privilege from testifying that she observed LSD in the trunk of his car. The Ninth Circuit has held quite unequivocally that the marital communications privilege "applies only to utterances or expressions intended to be communicative (i.e., to convey a message from one spouse to the other)," *United States v. Lefkowitz*, 618 F.2d 1313, 1318 (9th Cir.1980), *cert. denied*, 449 U.S. 824, 101

S.Ct. 86, 66 L.Ed.2d 27 (1980), and no communication was involved here.

AFFIRMED.