70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Allan Bowlun ING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard ST. CLAIR, Defendant-Appellant.
 Nos. 94-10097, 94-10149.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1995.*
Submission Vacated June 5, 1995.
Resubmitted Aug. 22, 1995.
Decided Nov. 17, 1995.
 
 MEMORANDUM**
 Before: FLETCHER, REINHARDT, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 Allan Bowlun Ing and Richard St. Clair were convicted of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine. We affirm Ing's and St. Clair's convictions and the denial of St. Clair's motion for a new trial. We also affirm the district court's decision to attribute to St. Clair one kilogram of cocaine for purposes of sentencing and its decision that St. Clair is not entitled to a downward departure on the ground that there is a substantial likelihood of innocence.[1]
 
 I.
 
 2
 Ing and St. Clair both argue that the district court erred in refusing to exclude unconditionally evidence pertaining to alleged prior bad acts by St. Clair. Before trial, Ing and St. Clair moved to exclude evidence that St. Clair participated in another drug transaction in 1990. At the time of Ing and St. Clair's trial in the present matter, state charges arising from St. Clair's 1990 arrest on this charge were pending.
 
 
 3
 Ing and St. Clair disputed the admissibility of this evidence and sought its exclusion on the ground that it was unfairly prejudicial and established no more than St. Clair's propensity to commit the crimes charged here. The district court ruled that evidence relating to St. Clair's prior alleged drug purchase would not be admissible as part of the government's case in chief but that it might be admissible for purposes of cross-examination and rebuttal, depending on the specific evidence that the defendants presented. After the district judge's ruling, St. Clair chose not to testify or present any witnesses.
 
 
 4
 Although the evidence pertaining to St. Clair's alleged bad acts was never admitted, Ing and St. Clair argue that the district court should have granted the motion to exclude this evidence unconditionally. The district court's refusal to exclude evidence is reviewed for an abuse of discretion. United States v. Komisaruk, 885 F.2d 490, 492 (9th Cir.1989). In explaining its ruling, the district court judge stated:
 
 
 5
 The prior alleged drug purchase ... may become admissible depending upon the evidence presented by the defense. For example, if defendant St. Clair offers evidence by his own testimony or otherwise suggesting that he was innocently present at the time of the alleged current offense or did not know the substance was cocaine or had no intent to distribute, the evidence of the alleged prior misconduct may--I'm not saying would--may be admissible.
 
 
 6
 It is clear that the district court did not make a final ruling as to the exclusion of St. Clair's prior alleged bad act, but simply stated that its admissibility was contingent on the defendant's testimony. This court has recognized the broad discretion of trial courts over the admission of extrinsic evidence to rebut a witness' testimony. United States v. Chu, 5 F.3d 1244, 1249 (9th Cir.1993), cert. denied, 114 S.Ct. 1549 (1994). The evidence of prior drug activity may have been admissible here to show St. Clair's knowledge of the transaction that Ing had arranged with federal agents. See United States v. Santa-Cruz, 48 F.3d 1118 (9th Cir.1995). At any rate, because the evidence was never admitted, any prejudice flowing from the district court's conditional ruling is wholly speculative. See United States v. Luce, 469 U.S. 38, 41 (1984); United States v. Johnson, 903 F.2d 1219, 1222 (9th Cir.), cert. denied, 498 U.S. 985 (1990). The Luce rule bars reversal in this case. Thus, the district court's refusal to rule out the possibility that this evidence might be admitted cannot be deemed an abuse of discretion.
 
 II.
 
 7
 St. Clair also argues that the district court erred in refusing to give a "mere presence" instruction as to the conspiracy count. We conclude that the instructions given were adequate.
 
 
 8
 The district court's instruction as to aiding and abetting informed the jury that neither "mere presence" nor "mere association" was sufficient to convict. Although St. Clair requested that the district court instruct the jury that "mere presence" was also insufficient to convict for conspiracy, the district judge declined to give this instruction. The conspiracy instruction that was given informed the jury that "mere association" is insufficient to convict, but did not mention that "mere presence" is also insufficient to convict on this count.
 
 
 9
 Where the government's case focuses primarily on the fact that defendant was present at the scene, a mere presence instruction should be given. United States v. Medrano, 5 F.3d 1214, 1218 (9th Cir.1993). The defendant is not, however, entitled to a mere presence instruction of his own phrasing. United States v. Ferris, 719 F.2d 1405, 1408 (9th Cir.1983). Here, the instructions as a whole sufficiently conveyed to the jury that mere presence was insufficient to convict. See id. at 1407. The jury was told that, to convict on the conspiracy charge, it was not enough for it to find simply that the defendants met and discussed matters of common interest, but that the government must show the existence of a plan to commit the crime alleged. There was no error in the court's instruction. In any event, considering the instructions as a whole, we conclude that they adequately conveyed to the jury that they could not convict St. Clair of conspiracy merely because he was present at the scene.
 
 III.
 
 10
 After the jury convicted him on both counts, St. Clair filed a motion for a new trial based on the results of a post-verdict polygraph examination. This examination indicated "no deception" when St. Clair denied knowledge of Ing's drug deal. St. Clair appeals the denial of his motion for a new trial based on this evidence. We conclude that the district court did not abuse its discretion.
 
 
 11
 Under Federal Rule of Criminal Procedure 33, only "newly discovered" evidence warrants a new trial. United States v. McKinney, 952 F.2d 333, 336 (9th Cir.1991). The movant must satisfy a five-prong test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal. United States v. Kulcyzk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 12
 The district court concluded that the failure to present the polygraph evidence earlier was due to St. Clair's lack of diligence; thus, St. Clair's motion failed the second prong of this test. We agree. Even assuming that the polygraph results constitute competent evidence, St. Clair has presented no satisfactory explanation of why he delayed taking the polygraph examination until after the jury announced its verdict. Moreover, it seems highly unlikely that the lie detector evidence would qualify under the first prong. Thus, the district court was correct in concluding that this evidence did not warrant a new trial under Rule 33.
 
 IV.
 
 13
 St. Clair also challenges his sentence. He contends that the district court erred in: (1) attributing to him the one kilogram of cocaine that Ing agreed to purchase; (2) denying him adjustments for minor or minimal participation and for acceptance of responsibility; and (3) denying him a downward departure based on the substantial likelihood of innocence. For the reasons stated in the concurrently filed opinion, we remand for the district court to consider whether St. Clair is entitled to the requested adjustments for acceptance of responsibility and role in the offense. However, we affirm the district court's computation of St. Clair's base offense level and its determination that there were no grounds for a downward departure.
 
 A. Base Offense Level
 
 14
 St. Clair first contends that the district court erred in attributing to him the one kilogram of cocaine that Ing agreed to purchase. Specifically, he argues that one kilogram of cocaine was not reasonably foreseeable.
 
 
 15
 St. Clair is correct in pointing out that the Guidelines' approach differs from the general law of conspiracy in distinguishing the role played by each co-conspirator. Each defendant's sentence must be based not on the entire amount involved in the conspiracy, but on the quantity of drugs which he reasonably foresaw or which fell within the scope of his particular agreement. United States v. Petty, 992 F.2d 887, 891 (9th Cir.1993). However, the reasonable foreseeability requirement does not apply to "conduct that the defendant personally undertakes, aids, abets, counsels, commands, induces, procures, or willfully causes." U.S.S.G. Sec. 1B1.3, comment. (n. 2). For example, a defendant who assists in offloading a single shipment of drugs is accountable for the entire shipment, regardless of reasonable foreseeability. U.S.S.G. Sec. 1B1.3 (n. 2, illus. (a)(1))
 
 
 16
 St. Clair's conduct is comparable to that of a defendant who offloads a single shipment of drugs. The evidence presented during trial demonstrates that St. Clair aided and abetted Ing's attempt to make a single purchase of cocaine. Ing's description of his "partner" to the undercover officer matches St. Clair. Once St. Clair arrived at the parking lot, Ing went over to St. Clair's car and the two drove off together. When they returned, Ing exited the car carrying $17,000. Because St. Clair aided and abetted Ing's attempt to purchase one kilogram of cocaine, the district judge was compelled to sentence St. Clair based on the entire amount that Ing attempted to purchase.
 
 
 17
 St. Clair also argues that the district court erred in denying his request for an evidentiary hearing on the amount of cocaine attributable to him. Specifically, he sought to introduce the testimony of a polygraph expert showing that St. Clair did not know that Ing was planning to purchase cocaine and did not furnish Ing with the money to be used for the purchase. We reject St. Clair's argument that he was entitled to an evidentiary hearing to introduce the polygraph expert's testimony at the time of sentencing. This evidence, while perhaps relevant to his guilt or innocence, would have had no impact on the amount of drugs for which St. Clair was held responsible.
 
 B. Downward Departure
 
 18
 St. Clair also argues that he is entitled to a downward departure due to "the substantial likelihood of innocence." We disagree. St. Clair cites no authority for the proposition that the district court has the authority to depart downward on this ground. As the district court pointed out, the substantial likelihood of innocence might warrant a new trial, but it is not an appropriate ground for a downward departure.
 
 V.
 
 19
 For the foregoing reasons, we affirm the convictions of both Ing and St. Clair. We also affirm the denial of St. Clair's motion for a new trial, the computation of his base offense level, and the denial of his request for a downward departure.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suited for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For the reasons stated in an opinion filed concurrently, we remand with instructions that the district court (1) reconsider whether Ing is entitled to a reduction for acceptance of responsibility and (2) consider whether St. Clair is entitled to a reduction for acceptance of responsibility or role in the offense