UNITED STATES of America, Plaintiff–Appellee,

v.

Henri MARKOV, Defendant–Appellant.

No. 00–10368.

D.C. No. CR–99–00227–9–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001.[1]

Decided July 19, 2001.

---

1. The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2).

Before HALL, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM [2]

Defendant Henri Markov contends that the district court erred by failing to give a specific unanimity instruction to the jury and requests a new trial. Markov was indicted on one count of Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine, a violation of 21 U.S.C. § 846, and four counts of Possession with the Intent to Distribute Marijuana, a violation of 21 U.S.C. § 841(a)(1). The jury found Markov guilty on the conspiracy count and on two of the four counts of possession with intent to distribute.

The offense of possession of marijuana with the intent to distribute includes the lesser included offense of possession of marijuana. Accordingly, the trial court provided the jury with two verdict forms. Verdict form #1 listed the four counts as Possession with Intent to Distribute. Verdict form #2 listed the counts as the lesser included offense of Possession of Marijuana. On both forms, there was a blank next to each count where the jury had to write in "Guilty" or "Not Guilty." Thus, the two forms allowed the jurors to decide if Markov was guilty of the greater offense and/or the lesser included offense.

During their deliberations, the jury submitted a note to the judge that read: "Can

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the jury's decision include counts from either verdict 1 or 2?" Trial Transcript at 1140. In addressing the judge, one juror phrased the question a different way: "Does all blanks on both sheets need to be filled out on verdict 1 and 2, all blanks filled out on 1 and 2?" *Id.* at 1141. The judge explained that the jury did not necessarily have to find that Markov was only guilty of a count under one of the verdict forms; he could be guilty of the count on both forms, i.e., guilty of the greater offense of possession of marijuana with intent to distribute and the lesser included offense of possession of marijuana. After the judge provided his explanation, the judge asked Markov's counsel if he was satisfied. Markov's counsel said that he was. *Id.* at 1142. No special unanimity instruction was requested. "Where a defendant fails properly to object to a jury instruction or to an omission from a jury instruction, we review for plain error." *United States v. Klinger,* 128 F.3d 705, 710 (9th Cir.1997).

 The requirement that a jury's verdict be unanimous means more than a unanimous agreement that the defendant has violated the statute in question; "there is a requirement of substantial agreement as to the principal factual elements underlying a specified offense." *United States v. Ferris,* 719 F.2d 1405, 1407 (9th Cir. 1983). In the ordinary case, a general instruction that the verdict must be unanimous is sufficient to protect the defendant's rights. *See United States v. Anguiano,* 873 F.2d 1314, 1319 (9th Cir.1989). When there is a "genuine possibility of juror confusion," however, a specific unanimity instruction is required. *United States v. Echeverry,* 719 F.2d 974, 975 (9th Cir.1983).

Markov contends that the note submitted by the jury regarding verdict forms # 1 and # 2 is evidence of a genuine possibility of juror confusion. A specific unanimity instruction is required where the jury actually indicates, by note to the court, that it is confused about the nature of the conspiracy charged. *See Anguiano,* 873 F.2d at 1319. Markov argues that the jury's question required a specific unanimity instruction so the court could be sure that all of the jurors had agreed on the specific facts of his offenses.

We do not believe, however, that the jury was confused about the particular acts that established Markov's guilt or the nature of the offense charged. A court is required to provide a specific unanimity instruction when juror questions indicate confusion over which acts are relevant to the charged offense. *See United States v. Kim,* 196 F.3d 1079, 1082–83 (9th Cir. 1999); *Anguiano,* 873 F.2d at 1319. But the jurors in this case were not confused about the events at issue; they only had a question about the proper way to fill out both verdict forms. The district court's failure to provide a specific unanimity instruction is not plain error.

AFFIRMED.