UNITED STATES of America, Plaintiff—Appellee,

v.

Mario RUBIO–GUIDO, aka Mario Guido Rubio aka Ismael Corodoba aka Ismael Tapia, Defendant—Appellant.

No. 01–10741.
D.C. No. CR–00–05363–AWI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 21, 2002.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM*

Mario Rubio–Guido appeals from his conviction for illegal reentry of a removed alien under 8 U.S.C. § 1326(a). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court did not err when it issued a general unanimity instruction rather than a specific unanimity instruction concerning the dates of deportation and reentry. Because the evidence presented in the case was relatively simple and there was no indication of a likelihood of juror confusion, jury unanimity can be presumed based on a general instruction. *See United States v. Ferris,* 719 F.2d 1405, 1407 (9th Cir.1983); *United States v. Friedman,* 445 F.2d 1076, 1084–85 (9th Cir.1971).

The district court also did not err in declining to admit the indictment into evidence. A jury need not be privy to the exact wording in an indictment, provided that the charge against the defendant has been adequately explained to the jury. *See United States v. Wilson,* 535 F.2d 521, 523 (9th Cir.1976); *Martin v. United States,* 335 F.2d 945, 950 (9th Cir.1964). Here, the nature of the charges against Rubio–Guido had been explained to the jury several times. For the same reason, we conclude that the district court did not abuse its discretion when it declined to amend the jury instructions to include the specific dates alleged in the indictment.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.