**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alberto MAGALLON–GUIZAR,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Gonzalo Diez–Guzman, Defendant—**
**Appellant.**

**Nos. 02–10568, 02–10660.**
**D.C. No. CR–01–00206–LDG.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

John M. Gillies, Peter Ko, Russell E. Marsh, AUSA, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiffs–Appellees.

Alberto Magallon–Guizar, FCIL—Federal Correctional Institution, Lompoc, CA, pro se.

Robert M. Draskovich, Robert M. Draskovich, Chtd., Scott L. Bindrup, Law Offices of Bindrup & Simpkins, Las Vegas, NV, for Defendants–Appellants.

Before WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

MEMORANDUM**

We affirm the jury convictions of Alberto Magallon–Guizar and Gonzalo Diez–Guzman for conspiracy to distribute methamphetamine and possession with intent to distribute a controlled substance.

■ 1. There was sufficient evidence to convict the defendants of the charges. Viewing the evidence in the light most favorable to the prosecution, as we must, *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational juror could have believed the Drug Enforcement Administration officer's testimony as to each of the defendants' involvement in the conspiracy. That testimony, coupled with the circumstantial evidence, constituted sufficient evidence to support the verdict on the conspiracy charge. The evidence was also sufficient for a rational juror to believe that the defendants had at least constructive possession of at least 500 grams of methamphetamine. *See United States v. Ramos–Rascon,* 8 F.3d 704, 711–12 (9th Cir.1993) (explaining joint venture liability).

■ 2. The district court did not commit plain error in the jury selection process in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Magallon–Guizar contends that the district court did not allow him the opportunity to make a *Batson* objection. However, the record does not show any *Batson* objection by Magallon–Guizar and, in fact, he actually stipulated to the jury. Further, the record does not disclose the race and gender of the jurors, so there is no basis for finding any error, much less plain error.

■ 3. There was no plain error in the prosecutor's opening statement. The incidental insertion of the phrases "I think" and "I believe" at various junctures in the opening, when it was clear that the prosecutor was indicating a belief in what the evidence would show, did not constitute impermissible vouching. *See United States v. Saunders,* 641 F.2d 659, 664 (9th Cir.1980). Likewise, the comments made by the prosecutor in closing were incidental and did not constitute plain error. On the whole, we conclude that it is not "more probable than not" that the cited statements "materially affected the fairness of the trial." *United States v. Sarkisian,* 197 F.3d 966, 990 (9th Cir.1999). Thus, reversal is not warranted. *Id.*

■ 4. The district court properly found sufficient evidence of a conspiracy and the defendants' connection to it to admit hearsay evidence under Fed.R.Evid. 801(d)(2)(E).

■ 5. The district court did not err in declining to give a "mere presence" instruction. Both defendants' theory of the case was argued before the jury, and the judge did instruct the jury that more than a "mere association" with other criminals was necessary to convict. *See United States v. Ferris,* 719 F.2d 1405, 1408 (9th Cir.1983) (explaining that "a defendant is not entitled to a mere presence instruction of his own phrasing").

■ 6. There was no reversible error due to the jurors' conversation with the clerk of court concerning the presence of security in the courtroom. The presence of security alone is not sufficient to render a trial fundamentally unfair. *Holbrook v. Flynn,* 475 U.S. 560, 568–69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986). The *ex parte* contact with the clerk did not result in actual prejudice to the defendants. *See United States v. Maree,* 934 F.2d 196, 201 (9th Cir.1991) (holding that there was no

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reversible error when *ex parte* contact did not result in the communication of any extraneous information about the case); *see also Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 907–08 (9th Cir.2000) (holding contact with bailiff did not result in reversible error when no information about the facts or law of the case was communicated).

█ 7. There was no error in the district court's use of a government-prepared transcript as an aid in listening to an audiotape at trial. Defendants point to no inaccuracies in the transcript, and were given ample opportunity to challenge it at trial. Further, the district court instructed the jurors carefully as to the limitations on the use of the transcript. Under these circumstances, the district court did not abuse its discretion in allowing their use. *See United States v. Delgado*, 357 F.3d 1061, 1070–71 (9th Cir.2004).

8. We have reviewed all of the defendants' other arguments and find none that warrant reversal.

**AFFIRMED.**

