

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2006

# USA v. Gaddy

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gaddy" (2006). *2006 Decisions*. Paper 1319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3694

UNITED STATES OF AMERICA

v.

ALLEN GADDY
a/k/a DOUGLAS GADDY

Allen Gaddy,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 03-cr-00710
(District Judge: Honorable James T. Giles)

Argued February 13, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed April 5, 2006)

ROBERT EPSTEIN, ESQUIRE (ARGUED)
Defender Association of Philadelphia
Federal Court Division
The Curtis Center, Suite 540 West
601 Walnut Street
Philadelphia, Pennsylvania 19106
        Attorney for Appellant

DENISE S. WOLF, ESQUIRE (ARGUED)
JOHN N. JOSEPH, ESQUIRE
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
        Attorneys for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Allen Gaddy appeals his judgment of conviction, claiming the District Court committed plain error by failing to issue a specific unanimity charge to the jury. Gaddy also appeals his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). We will affirm the judgment of conviction, but will vacate the judgment of sentence and remand for reconsideration under *Booker*. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005).

I.

Because we write only for the benefit of the parties, an abbreviated recitation of the facts will suffice. Gaddy was arrested after a Philadelphia police officer observed what he believed was a hand to hand sale of narcotics from Gaddy to another individual, Glenwood Miller. Police officers followed Miller in his car, stopped him, and confiscated several packets containing 75 milligrams of crack cocaine each. After obtaining a warrant, police officers searched the house Gaddy had entered while he was with Miller, confiscating 23 grams of crack cocaine and a firearm.

2

Gaddy was indicted on four counts: 1) possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (B)(1)(B), 2) possession with intent to distribute more than five grams of crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860(a), 3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and 4) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

In its final jury instructions, the District Court said:

> . . . . The government claims that the defendant did pass on to Mr. Miller illegal drugs. Well, there—if that's so, then there was possession—there was, in fact, distribution. So there was possession with intent to distribute any amount that was actually distributed. There's a claim that there was an amount of drugs in the house, which was in excess of the amount that would be expected for personal use and, in fact, the government claims that that was the source of the distribution that occurred with Mr. Miller.

> That's what's going on with Count One. You don't have to find—the government doesn't have to prove both, distribution—in fact, Mr. Miller had possession, upstairs, the house, they can prove either one of those situations, and if it did, that would satisfy the proof with respect—the element with respect to knowing and intentional possession with intent to distribute. . . .

> So, you're called upon to be individual fact finders, individual judges of the facts to make your own decision trying to agree unanimously. Unanimous means all agreeing. So, you're expected to hold to any honest opinion and not return a verdict simply to satisfied [sic] fellow jurors or just to return a verdict.

Gaddy did not object to the instruction at trial.

3

Gaddy was convicted on all charges and sentenced to a term of imprisonment of 108 months on counts 1, 2, and 4, 60 months on count 3, five years of supervised release, a $500 fine, and a special assessment of $300.[1]

## II.

### A.

In the absence of an objection to a jury instruction, we review for plain error. *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005) (citing Fed. R. Crim. P. 52(b)). Under the plain error standard, an appellate court may correct an error not raised at trial if it finds 1) an error, 2) that is plain, 3) that affects substantial rights, and 4) if, in its discretion, "the error seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* at 236 (citing *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

### B.

Gaddy's claim of plain error centers on the failure to give the jurors a specific unanimity charge. We have held that, "[i]n the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." *United States v. Beros*, 833 F.2d 455, 460 (3d Cir. 1987). But "where the complexity of the case, or other factors, creates the potential that the jury will be confused," the general rule will

---

[1]Gaddy appeals the judgment of conviction only as to the first three counts.

not apply. *Id.* In such complex cases, a rule of specific unanimity is required. *Id.; cf. United States v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983) ("Unanimity . . . means more than a conclusory agreement that the defendant has violated the statute in question; there is a requirement of substantial agreement as to the principal factual elements underlying a specified offense. We would consider it appropriate for the trial court to instruct the jury to this effect. In the routine case, however, failure to adopt this formulation is not error.").

Adopting the analysis of *United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977), we have noted "the unanimity rule . . . requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged." *Beros,* 833 F.2d at 460 (quoting *Gipson*, 553 F.2d at 457-58). We extended this rule in *Beros*, focusing "not upon an instruction regarding unanimity on the charged theories, but rather upon an instruction regarding unanimity on the acts which are predicate to a finding on those theories." *Id.* There, we focused on "the principal problem" in those cases where a specific unanimity charge might be required: "the possibility that the jury was confused or mistaken regarding its obligation." *Id.* at 461. Noting the task was whether "the *potential* for juror instruction existed," and rejecting the requirement of being satisfied that "the jury was *in fact* confused," we adopted the following rule:

> When it appears . . . that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors

concluding that the defendant committed different acts, the general unanimity instruction does not suffice.

To correct any potential confusion in such a case, the trial judge must augment the general instruction to ensure the jury understands its duty to unanimously agree to a particular set of facts.

*Id.* (citing *United States v. Echeverry,* 698 F.2d 375, *modified*, 719 F.2d 974, 975 (9th Cir. 1983)). We noted the government "cannot rely on a composite theory of guilt," and that allowing the jury to convict even though it "was not unanimous as to the defendant's specific action is no more justifiable than is a conviction by a jury that is not unanimous on the specific count." *Id.* at 462.

Although there is no clear line demarcating the complex case requiring a specific unanimity instruction from the routine case requiring no more than a general unanimity instruction, our precedents provide enough guidance to convince us the current case does not require a specific unanimity instruction. In *Beros*, two of the sixteen counts in the indictment "each allege[d] four separate and distinct theories of criminal activity," and each count "enumerate[d] several acts upon which a finding of guilt could be predicated." *Id.* at 461. Holding "the permutations that can support a valid conviction are varied and several," the *Beros* court concluded "the circumstances of this case . . . warranted more specific instructions regarding jury unanimity." *Id.* at 462.

Application of the "specific unanimity" standard is case specific. For example, we have consistently required specific unanimity instructions for charges under the federal Continuing Criminal Enterprise (CCE) statute, 21 U.S.C. § 848. Section 848 "requires unanimous agreement as to the identity of each of the three related offenses comprising

6

the continuing series." *United States v. Edmonds*, 80 F.3d 810, 822 (3d Cir. 1996) (en banc); *see also United States v. Russell*, 134 F.3d 171 (3d Cir. 1998). In *Edmonds*, we said, "Following *Schad* [*v. Arizona*,] we view the CCE unanimity question principally in terms of legislative intent." *Edmonds*, 80 F.3d at 815. In the absence of clear Congressional intent, we held that, "guided by historical tradition, constitutional considerations, and the rule of lenity . . . a statute combining formerly separate crimes—crimes that may take place at different times and at different places—should generally be read to require unanimity as to each predicate offense." *Id.* *But see Russell*, 134 F.3d at 177 (emphasizing our holding in *Edmonds* was grounded in the Sixth Amendment right to a unanimous jury verdict, not in the specific statute). But the unique considerations of the federal CCE statute are not analogous to the drug possession statutes under which Gaddy was convicted.

We have found general unanimity instructions sufficient in cases where multiple offenses for the same criminal acts are alleged. In *United States v. Jackson*, we held, under the CCE statute, an instruction that jurors must specifically agree as to the identity of the particular individuals supervised by the defendant was not required. 879 F.2d 85 (3d Cir. 1989). Two cases supported our proposition. In one, a specific unanimity charge was not required even though the court instructed that the jury could find guilt under one of the counts based on any one of three conceptually distinct theories. *United States v. Schiff*, 801 F.2d 108 (2d Cir. 1986). In another, a specific unanimity instruction was not

required on a drug possession charge when there were numerous separate moments that could constitute "possession." *United States v. Ferris*, 719 F.2d 1405 (9th Cir. 1983).

This case resembles *Jackson*, *Schiff*, and *Ferris* rather than *Beros*, *Edmonds*, and *Russell*. Unlike *Beros*, *Edmonds*, and *Russell*, the counts at issue are not essentially different kinds of criminal liability—each requires possession with an intent to distribute. Second, unlike *Beros*, the underlying theories for the criminal liability are not factually complex—either Gaddy distributed crack cocaine to another individual outside, or he possessed crack cocaine inside his house and intended to distribute it. Like *Jackson*, *Schiff*, and *Ferris*—and notwithstanding the rigorous defense provided by Gaddy's counsel—the case is not factually complex and the criminal liability at issue is clear. We see nothing that leads us to believe the jury could have been confused as to the instructions or the theories of criminal liability.[2]

---

[2]Gaddy points to two other cases—*United States v. Holley*, 942 F.2d 916 (5th Cir. 1991) *cert. denied*, 510 U.S. 821 (1993), and *United States v. Theodoropoulos,* 866 F.2d 587 (3d Cir. 1989)—to support the proposition that it would be impermissible for the jury to disagree on which of the relevant theories for conviction apply, and agree to convict under the charged offenses.

In *United States v. Holley*, the Court of Appeals for the Fifth Circuit determined a specific unanimity instruction was warranted where the defendant, indicted under the federal perjury statute, could have been liable for any one of multiple false statements under separate perjury counts. *Holley*, 942 F.2d at 927. Although *Holley* does provide support for Gaddy's argument, our own precedent in *Jackson* points us in the opposite direction.

In *United States v. Theodoropoulos*, we noted it was proper to give a specific unanimity instruction where the prosecution presented four different theories for gun possession under 18 U.S.C. § 924(c). 866 F.2d at 957. We vacated the conviction because it was not evident from the jury's verdict which of the firearms they had

(continued...)

8

Moreover, *Beros* reviewed the jury instruction under an abuse of discretion standard. We distinguished *Beros* from those cases in which, under plain error review, a general unanimity instruction did not create error sufficient to warrant a new trial, even though the cases were arguably more complex. *Beros*, 833 F.3d at 462. Our decision in *Jackson* was also under an abuse of discretion standard—and there, unlike *Beros*, we saw no need for a new trial in the absence of a specific unanimity instruction. Thus, even if the facts here were as complex as those in *Beros*, our analysis would necessarily be different under the plain error standard.[3]

C.

Even assuming error, plain error requires three further elements be met. Any error under the standard must be "plain"—that is, "clear" or "obvious." *Johnson v. United States*, 520 U.S. 461, 467 (1997); *Dobson*, 419 F.3d at 239. "At a minimum . . . the error must be plain 'under current law.'" *Johnson*, 520 U.S. at 467 (quoting *United States v.*

_____

[2](...continued)
determined was actually used. *Id.* at 598. However, our decision rested on a close analysis of Congress's intent in requiring a firearm's use or possession be "in relation to" the concomitant crime—an issue not present here.

[3]Gaddy also argues, citing *United States v. Echeverri*, 854 F.2d 638, 643 (3d Cir. 1988), that "a jury instruction can constitute the 'other factor' which may give rise to jury confusion and the need for a specific unanimity charge." Reply Br. at 2 n.1. However, *Echeverri* is distinguishable. There, we noted the District Court's "careful unanimity instruction regarding the predicate acts" for a RICO count would create the likelihood that the jury would have "inferred [that specific unanimity was not needed] from the absense" of a similar instruction as to a separate charge for the CCE count. *Id.* Because there was no separate charge given for a separate count here, the concerns we expressed in *Echeverri* do not apply.

9

*Olano*, 507 U.S. 725, 734 (1993)).  Any error, and we do not suggest there was error, was obvious under the law at the time of trial: our rule in *Beros* is long-standing, and was known to the District Court before the trial began.

But no substantial right would be affected.  Standard plain error analysis in criminal cases requires us to determine whether the error was "prejudicial."  *Dobson*, 419 F.3d at 239 (citing *Olano*, 507 U.S. at 734).  "We must determine whether [the defendant] has carried her burden to show that there is a 'reasonable likelihood' that the jury prejudiced her by applying the challenged instruction in an impermissible manner."  *Id.* at 239-40.  We see no "reasonable likelihood" of jury prejudice.  The jury instructions here made clear the burden placed on the prosecution to "prove *either one*" of the two theories proffered—effectively giving an implicit specific unanimity instruction.[4]  Coupled with the District Court's charge that "[t]he government's burden of proof is that of proof beyond a reasonable doubt," J.A. at 498-99, the jury would likely have understood that the government had the burden of proof as to each of the theories presented in court.  Prejudice was thus not reasonably likely.[5]

---

[4] We emphasize that we are here assuming, without deciding, that the lack of a specific unanimity instruction constituted error.  We do this only to reach our holding in the alternative.  As Section II.B. above makes plain, however, we do not think a specific unanimity instruction was required in this case.

[5] In *United States v. Russell*, we indicated substantial rights might be affected under a plain error analysis if a constitutional right has been violated through the challenged jury instruction.  134 F.3d at 180 ("We have no hesitation in concluding that the error did affect a substantial right of Mr. Russell—his constitutional right to a unanimous jury

(continued...)

10

Finally, any possible error did not "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 469-70 (quoting *Olano*, 507 U.S. at 160). In *Johnson*, the Supreme Court found no reversible error where the evidence supporting one of the elements was "overwhelming." *Id.* at 470. Although Gaddy claims counsel pursued a "vigorous defense" at trial, he presents no argument as to the nature of the evidence presented. Further, the record reveals substantial evidence to convict Gaddy, regardless of any possible error.

III.

Gaddy also asks for a remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). The government agrees.[6] In *United States v. Davis*, we stated that, except in limited circumstances, "defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal may be able to demonstrate

---

[5](...continued)
verdict on each element of the CCE charge."). However, even if we were to acknowledge that Gaddy's right to a unanimous jury verdict was compromised by the instruction, we cannot go so far as to conclude his rights were violated unless we also say it was "reasonably likely" that the jury acted impermissibly on the District Court's charge. Because the District Court's instruction did not create this likelihood, we cannot conclude the mere failure to give a specific unanimity instruction violated Gaddy's constitutional rights.

[6]In a letter brief, the United States requested that we hold this case curia advisari vult (c.a.v.) pending the Supreme Court's decision in *Rodriguez v. United States*, 398 F.3d 1291 (2005). But certiorari was denied in that case on June 20, 2005. 125 S. Ct. 2935 (2005).

11

plain error and prejudice," and we will remand such cases for resentencing. *See United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005).

## IV.

We will affirm the judgment of conviction. We will vacate the judgment of sentence and remand for resentencing in light of *United States v. Booker*.