MEMORANDUM *
Lorenzo Jones (“Jones”) appeals his conviction and 262-month sentence for be *256 ing a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.
Viewed in the light most favorable to the prosecution, there was sufficient evidence that Jones jointly possessed the firearms with his passengers. Possession need not be exclusive, so long as each person knows of the object’s presence and has the intention and ability to control it. See United States v. Cain, 130 F.3d 381, 382 (9th Cir.1997); see also United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (“ ‘[T]o establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which contraband is concealed.’ ”) (quoting United States v. Soto, 779 F.2d 558, 560 (9th Cir.1986)).
In a recorded jail conversation, Jones told a friend that he knew one of the car’s occupants was “dirty in the car” and “had burners on him.” After initially stopping for police, who approached the van with weapons drawn, Jones told his friend he decided to run from the police to “give his homeboy room to bounce” and “do what he got to do.”
From these statements, a rational juror could conclude that Jones knew of the weapons in the car and intended to exercise dominion over them by driving the van away from police to facilitate their disposal. See also United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990) (finding that conduct by driver aiding disposal of contraband was probative of joint possession). Jones’s recorded statements distinguish this case from the numerous constructive possession cases on which he relies—in which circumstantial proof was insufficient—because here there was unusual direct evidence of knowledge and intent.[1]
The court did not err by instructing the jury that Jones’s presence in the car, by itself, was insufficient to support a finding of possession. Although the court did not use Jones’s suggested language, Jones was not entitled to a mere presence instruction of his own phrasing. United States v. Ferris, 719 F.2d 1405, 1407-08 (9th Cir.1983). Nor did the given instruction eliminate the requirement that Jones intended to exercise control of the weapons, an element which was correctly stated in the possession instruction.
Jones concedes that the district court did not err by failing to require the government to prove that his possession had a substantial effect on interstate commerce. See United States v. Younger, 398 F.3d 1179, 1193 (9th Cir.2005). His argument that the district court should have instructs ed the jury that he faced a mandatory fifteen-year sentence is likewise foreclosed by precedent. Shannon v. United States, 512 U.S. 573, 579, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994); United States v. Frank, 956 F.2d 872, 879 (9th Cir.1991).
Jones argues the district court abused its discretion by responding to a jury question by referring the jury to the instructions already given. The jury did not identify an ambiguity in the instructions or confusion over a legal issue; rather, it appeared the jury was seeking advice on how the law applies to the facts of the *257 case—something that is within the jury’s province—and the court acted reasonably in referring the jury back to its original instructions. See Arizona v. Johnson, 351 F.3d 988, 995 (9th Cir.2003); see also United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1202 (9th Cir.2000) (noting that referring jury back to instructions avoids “possible error sometimes found in trying to elaborate on a given instruction”). Indeed, answering the particular question posed in this case could have been tantamount to a directed verdict. The trial court has considerable discretion in formulating a response to jury questions, United States v. Romero-Avila, 210 F.3d 1017, 1024 (9th Cir.2000), and it did not abuse that discretion here.
Nor did the district court abuse its discretion by declining to declare a mistrial because of the second juror’s misconduct. The court carefully examined all of the parties involved in the brief encounter and determined that the second juror, who essentially had only de minimis contact with the witness, could remain. See Caliendo v. Warden of Cal. Men’s Colony, 365 F.3d 691, 697-98 (9th Cir.2004) (factors to consider include length and nature of contact, evidence of actual impact and possibility of eliminating prejudice with limiting instruction); United States v. LaFleur, 971 F.2d 200, 206 (9th Cir.1991) (this court gives “substantial weight” to district court’s conclusion regarding the effect of juror misconduct). Moreover, because the second juror did not actually participate in the deliberations or verdict, Jones cannot demonstrate prejudice. United States v. Rosenthal, 454 F.3d 943, 949 (9th Cir.2006).
The district court did err by failing to obtain a written stipulation from Jones to proceed with eleven jurors, as required by Fed.R.Crim.P. 23(b)(2)(B). However, as we clarified in United States v. Perez, 116 F.3d 840 (9th Cir.1997) (en banc), unobjected-to errors are “forfeited” but reviewed for plain error. Id. at 845 (citing United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Although the error was plain, we must also consider whether it affected Jones’s substantial rights, which in most cases means whether the error was prejudicial. Olano, 507 U.S. at 734, 113 S.Ct. 1770. Here, not only did Jones’s attorney represent that he had discussed the decision with Jones, who was willing to proceed with eleven jurors, but a recorded phone conversation similarly confirms that Jones knowingly and intelligently consented to an eleven-member jury. There is no indication his decision would have differed if the court had required a stipulation in writing, and we therefore conclude the court’s error did not affect Jones’s substantial rights.
The district court did not abuse its discretion by permitting limited gang testimony, as relevant to explain the genesis of the shoot-out that was inextricably intertwined with the van’s stop, see United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), as well as to explain the relationship of the passengers in the van. The court also gave a limiting instruction as to the proper use of this evidence, which further minimized any prejudicial impact. See United States v. Easter, 66 F.3d 1018, 1021 (9th Cir.1995).
 The use of Jones’s 1999 statement that he would run if caught by police with contraband was relevant to intent and not unduly prejudicial, especially in light of Jones’s own statement that he had fled to give his homeboy “room to bounce.” The court did not violate Fed.R.Evid. 106’s “rule of completeness” by admitting only some recorded jail conversations, because the additional conversations (or portions thereof) which Jones wanted to admit were not necessary to prevent the admitted por *258 tions from being misleading or even relevant to the primary issues at trial.
We also affirm Jones’s sentence. Although the district court’s oral determination denying Jones a two-level reduction for acceptance of responsibility included both proper and improper factors, we may affirm on any ground supported by the record. See United States v. Oplinger, 150 F.3d 1061, 1069 (9th Cir.1998). The reduction is to be primarily based on pretrial conduct and statements by the defendant. U.S.S.G. § 3E1.1 Cmt. 2. Here, Jones did not willingly admit to the facts presented at trial or otherwise accept responsibility prior to trial. Instead, he inadvertently helped the government’s case with recorded jail statements, and the district court correctly surmised that Jones’s pretrial actions did not clearly reflect acceptance of responsibility.
Nor did the district court err by failing to apply a two-level reduction for minor participation. Because Jones was sentenced pursuant to the Armed Career Criminal Act, the only reduction available to him was for acceptance of responsibility. See United States v. George, 56 F.3d 1078, 1086 (9th Cir.1995); U.S.S.G. § 4B1.4(b)(3)(B).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *256 by Ninth Circuit Rule 36-3.

. Jones also argues that the facts of this case make him guilty of accessory after the fact rather than possession of a firearm. However, our task is not to consider the propriety of other crimes the government could have charged; rather, if conduct violates more than one statute, the government may elect the statute it wishes to charge. See United States v. Edmonson, 792 F.2d 1492, 1497 (9th Cir.1986).