**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES,

*Plaintiff-Appellee*,

v.

LORENZO GONZALEZ, AKA Grumpy,

*Defendant-Appellant*.

No. 13-50348

D.C. No.
2:11-cr-00050-GAF-5

OPINION

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted
December 11, 2014—Pasadena, California

Filed May 13, 2015

Before: Kim McLane Wardlaw and Marsha S. Berzon,
Circuit Judges, and William E. Smith, District Judge.[*]

Opinion by Judge Smith

---

[*] The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

## SUMMARY[**]

---

### Criminal Law

The panel affirmed a conviction on a count charging the defendant with committing a violent crime in aid of a racketeering enterprise—conspiracy to murder rival gang members—in a case in which the defendant argued that the district court's jury instructions violated his right to a unanimous jury verdict.

The panel assumed, without deciding, that a specific unanimity instruction was required because the breadth of the indictment, in conjunction with the nature of the evidence, raised the specter of different jurors concluding that the defendant participated in different conspiracies to murder different rival gang members.

The panel discerned no abuse of discretion, where the effect of the district court's additional instruction was to ensure juror unanimity on all of the elements of conspiracy to murder rival gang members and to prevent different jurors from finding the defendant guilty based on different conspiracies to murder different gang members. Joining sister circuits, the panel held that so long as jurors unanimously agree that the Government has proven each element of a conspiracy, they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James Bisnow, Pasadena, California, for Defendant-Appellant.

Jennie L. Wang, Assistant United States Attorney (argued), André Birotte Jr., United States Attorney, Robert E. Dugdale and Justin R. Rhoades, Assistant United States Attorneys, for Plaintiff-Appellee.

**OPINION**

SMITH, District Judge:

Lorenzo Gonzalez appeals his conviction and sentence following a jury trial in which he was found guilty of racketeering conspiracy (Count One) and of two counts of committing a violent crime in aid of a racketeering enterprise ("VICAR"): conspiracy to murder rival gang members (Count Two) and conspiracy to murder Edward Clark (Count Ten). In this opinion, we consider only Gonzalez's argument that the district court's instructions to the jury on Count Two violated his right to a unanimous jury verdict. In a concurrently filed memorandum disposition, we address Gonzalez's remaining challenges to his conviction and sentence. *See United States v. Gonzalez*, __ F. App'x __ (9th Cir. 2015). We affirm his conviction on Count Two.

## I. Background

Gonzalez, a member of the 38th Street Gang, was charged in Count Two with the VICAR offense of conspiracy to murder rival gang members under California law. The

Government's evidence against Gonzalez on Count Two primarily consisted of wiretapped telephone conversations between Gonzalez and other 38th Street Gang members relating to different (often unnamed) members of different gangs and occurring on different dates. In his proposed jury instructions, Gonzalez requested that the district court instruct the jurors to "unanimously agree upon the precise conspiracy to murder rival gang members which occurred."

Although the district judge declined to give Gonzalez's requested unanimity instruction, he acknowledged the danger of a non-unanimous jury verdict and expressed concern with the Government's insistence that, under California law, it was not required to prove that the conspirators intended to kill a specific person. To address these issues, the district court fashioned an augmented jury instruction, to be given in addition to the court's general unanimity instruction. This additional instruction provided: "The jury must unanimously agree as to the person or persons who were the intended victims of the murder conspiracy." In his final charge to the jury, the district judge provided both a general unanimity instruction and the additional unanimity instruction, which followed on the heels of the court's instruction on the elements of the crime of conspiracy to murder rival gang members:

> [T]he government must prove each of the following four elements beyond a reasonable doubt:
>
> (1) The defendant and at least one other co-conspirator entered into an agreement to kill unlawfully rival gang members;

(2) The defendant and at least one other co-conspirator specifically intended to enter into an agreement with one or more other co-conspirators for that purpose;

(3) The defendant and at least one other co-conspirator to the agreement harbored express malice aforethought, namely, a specific intent to kill rival gang members; and

(4) An overt act was committed in this state by one or more of the co-conspirators who agreed and intended to commit the murder.

The jury must unanimously agree as to the person or persons who were the intended victim(s) of the murder conspiracy.

The jury convicted Gonzalez on Count Two (among other counts), and he timely appealed.

## II. Discussion

Gonzalez argues that the district court erred in failing to instruct the jury that it must unanimously agree on the acts that constituted the conspiracy to murder underlying the VICAR offense charged in Count Two. A defendant in a federal prosecution has a constitutional right to a unanimous jury verdict. *See United States v. Garcia-Rivera*, 353 F.3d 788, 792 (9th Cir. 2003); *see also* Fed. R. Crim. P. 31(a). Unanimity in this context "means more than a conclusory agreement that the defendant has violated the statute in question; there is a requirement of substantial agreement as to the principal factual elements underlying a specified

offense." *United States v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983); *see also Richardson v. United States*, 526 U.S. 813, 817 (1999) ("[A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element."). However, "'there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict,' since 'different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.'" *United States v. Ruiz*, 710 F.3d 1077, 1081 (9th Cir. 2013) (quoting *Schad v. Arizona*, 501 U.S. 624, 632, 631–32 (1991) (plurality opinion)); *see also Richardson*, 526 U.S. at 817 ("[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element . . . .").

In the typical case, a district court's general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict. *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011). However, a general unanimity instruction alone is insufficient "if it appears 'that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts.'" *Id.* (quoting *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983)). In such circumstances, a specific unanimity instruction is required. *Ruiz*, 710 F.3d at 1081. In this case, we assume, without deciding, that a specific unanimity instruction was required for Count Two because the breadth of the indictment, in conjunction with the nature of the evidence, raised the specter of different jurors concluding that Gonzalez participated in different conspiracies to murder different rival gang members. *See United States v. Payseno*,

782 F.2d 832, 835–37 (9th Cir. 1986); *Echeverry*, 719 F.2d at 975.

We review the district court's formulation of the jury instructions, including the additional unanimity instruction, for abuse of discretion. *See United States v. Garcia*, 768 F.3d 822, 827 (9th Cir. 2014); *cf. United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999) ("[T]his court reviews [a] district court's refusal to give a special unanimity instruction for abuse of discretion."). Although the district court did not give the instruction proposed by Gonzalez, "'[a] defendant is not entitled to any particular form of instruction,' and the district court may in its discretion issue jury instructions in the words of its choosing." *United States v. Padilla*, 639 F.3d 892, 896 (9th Cir. 2011) (alteration in original) (quoting *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992)). Moreover, we do not assess the challenged instruction "in artificial isolation," *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000), but instead consider the instructions "as a whole and in context." *United States v. Woods*, 335 F.3d 993, 997 (9th Cir. 2003).

We discern no abuse of discretion in this case. The effect of the district court's additional unanimity instruction was to ensure juror unanimity on all of the elements of the violent crime underlying Count Two—conspiracy to murder rival gang members—and to prevent different jurors from finding Gonzalez guilty based on different conspiracies to murder different gang members. The jurors were instructed to unanimously agree on "the person or persons who were the intended victim(s) of the murder conspiracy" in order to find that the elements of the crime of conspiracy to murder rival gang members had been satisfied. Thus, the jurors needed to find: (1) an agreement to murder the person or persons who

they unanimously agreed were the intended victims of the murder conspiracy; (2) that Gonzalez had both the intent to agree to murder and the intent to kill these same persons; and (3) an overt act committed by a conspirator who had agreed and intended to commit the murder of these agreed-upon intended victims. Therefore, even if the Government's evidence on Count Two created a danger that different jurors would conclude that Gonzalez conspired to murder different rival gang members, the additional unanimity instruction, by requiring the jurors to unanimously agree on the person or persons who were the intended victims of the murder conspiracy, led the jurors to reach unanimity "as to the principal factual elements underlying" the agreed-upon murder conspiracy. *Ferris*, 719 F.2d at 1407.

To be sure, because the instruction for the overt-act element requires the jury to find merely "[a]n overt act" committed by a person who has agreed and intended to commit a particular murder, it is possible that, although the jury unanimously agreed that an overt act was taken with respect to the unanimously agreed-upon murder conspiracy, different jurors may have concluded that different particular overt acts satisfied this element. Even if this occurred, however, Gonzalez's right to a unanimous jury verdict was not violated because, so long as the jurors unanimously agreed that the overt-act element was satisfied, it was not necessary for them to agree on which overt act satisfied this element.

In *Chen Chiang Liu*, 631 F.3d at 1000 n.7, we stated, in dicta, that, notwithstanding the comments to Ninth Circuit Model Jury Instruction 8.20, "[i]t is not clear that a district court must instruct a jury that it must make a unanimous finding of which overt act was committed in furtherance of a

conspiracy." In making this observation, we relied on *Schad*, in which a plurality of the Supreme Court "suggested that a jury need not specifically agree on which overt act was committed." *Id.* at 1001 n.7. Although we have not definitively resolved the issue of whether jurors must unanimously agree on a particular overt act, the Second, Fifth, and Seventh Circuits have considered the issue and concluded that such unanimity is not required. *See United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011); *United States v. Griggs*, 569 F.3d 341, 343–44 (7th Cir. 2009); *United States v. Sutherland*, 656 F.2d 1181, 1202 (5th Cir. 1981).

We reached a similar conclusion in a somewhat analogous context in *United States v. Hofus*, 598 F.3d 1171, 1175–77 & nn.2–3 (9th Cir. 2010). In that case, the district court failed to instruct the jurors to unanimously agree on which specific act or actions of the defendant constituted the substantial step of the charged attempt offense. *Id.* at 1175. After examining *Richardson* and *Schad*, we determined that the district court did not err because, "even if different jurors found that different actions constituted [the defendant's] substantial step, the differences . . . are differences only of means." *Id.* at 1177. The district court's instructions ensured that the jurors reached the requisite level of unanimity for the substantial-step element: unanimous agreement that the element has been satisfied. *Id.* at 1176. In this case, even if different jurors found that different overt acts satisfied the overt-act element, no unanimity problem would arise because the differences of opinion on a particular overt act, like the differences of opinion in *Hofus*, are ones only of means, and the jurors reached unanimous agreement that the overt-act element was satisfied for the unanimously agreed-upon murder conspiracy.

We now join our sister circuits and hold that, so long as jurors in a federal criminal trial unanimously agree that the Government has proven each element of a conspiracy, *see Richardson*, 526 U.S. at 817, they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy. Therefore, even though the additional unanimity instruction in this case did not require unanimous agreement on a particular overt act, Gonzalez's right to a unanimous jury verdict was not violated.

One final aspect of this case convinces us that the district court's additional unanimity instruction adequately protected Gonzalez's right to a unanimous verdict: the nature of the evidence. Although not identifying the potential intended victims by name (with the exception of a rival gang member known as Speedy), the vast majority of the evidence on Count Two provided the jury with discrete groups of potential intended victims on which it could unanimously agree: a BMS gang member called Speedy; the BMS members on 47th Street on May 9, 2010; the rival gang members in Latham Park on April 8, 2010; the Pueblo Bishops gang members who shot an individual called Sharp on March 30, 2010; the BMS members who shot at an individual called Spencer on April 25, 2010; the AFC members who fought two 38th Street Gang members in 38th Street Gang territory on March 25, 2010; the potential gang members working near a 38th Street Gang member's house on March 25, 2010; and the Florencia gang members coming through 38th Street Gang territory on March 8, 2010.[1] The jurors needed to select

---

[1] To be sure, the evidence with respect to a particular individual or group may not have been sufficient to support a finding of guilt on a conspiracy to murder that individual or group. However, this potential discrepancy

the person or persons who were the intended victims of the murder conspiracy—upon whom the jurors were instructed to unanimously agree—from these discrete groups of potential intended victims.[2]

For these reasons, we hold that, to the extent a specific unanimity instruction was required, the district court's additional unanimity instruction adequately ensured that the jurors reached the requisite level of unanimity.

**AFFIRMED.**

poses not a juror-unanimity problem, but a sufficiency-of-the-evidence issue, which we address in the concurrently filed memorandum disposition.

[2] Gonzalez claims that, under the district court's additional unanimity instruction, the jurors could have unanimously agreed that the victim was a particular rival gang but still not have unanimously agreed on the particular distinct conspiracy directed at the agreed-upon gang. We are unpersuaded. The jurors were not instructed to reach unanimous agreement on the gang that was the target of the murder conspiracy; instead, they were told to "unanimously agree as to the person or persons who were the intended victim(s) of the murder conspiracy." We will not presume that the jurors declined to unanimously agree on the person or persons who were the intended victims, as they were instructed to do, and instead reached unanimous agreement only as to the particular rival gang that was targeted.