UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10516 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-1 Eastern District of California, Sacramento |
| v. | |
| OLGA PALAMARCHUK, | |
| Defendant-Appellant. | ORDER |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10519 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-3 |
| v. | |
| PETER KUZMENKO, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10530 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-2 |
| v. | |
| PYOTR BONDARUK, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10344 |

|                     | D.C. No.            |
|---------------------|---------------------|
| Plaintiff-Appellee, | 2:11-cr-00450-TLN-4 |
| v.                  |                     |
| VERA ZHIRY,         |                     |
| Defendant-Appellant.|                     |

Before:  THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

The memorandum disposition filed in this case on November 8, 2019, is amended by the attached memorandum disposition.  With this amended memorandum disposition, the panel has unanimously voted to deny Pytor Bondaruk's petition for panel rehearing.  The panel modifies the memorandum to clarify that it rejects Bondaruk's arguments concerning 18 U.S.C. § 3553.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10516 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-1 |
| v. | |
| OLGA PALAMARCHUK, | AMENDED MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10519 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-3 |
| v. | |
| PETER KUZMENKO, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10530 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00450-TLN-2 |
| v. | |
| PYOTR BONDARUK, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED STATES OF AMERICA,

             Plaintiff-Appellee,

  v.

VERA ZHIRY,

             Defendant-Appellant.

No. 17-10344

D.C. No.
2:11-cr-00450-TLN-4

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 23, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Olga Palamarchuk, Peter Kuzmenko, Pytor Bondaruk, and Vera Zhiry appeal their jury convictions for conspiracy to commit mail fraud (all Appellants), false statements to a bank (Palamarchuk and Bondaruk), and money laundering (Palamarchuk, Bondaruk, and Zhiry). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the convictions, but remand to the district court to resentence Bondaruk.

    1.    The district court did not err when it precluded Appellants from

introducing proffered expert testimony at trial.[1]  "[E]vidence of the lending standards generally applied in the mortgage industry" is relevant to the issue of materiality, however, neither individual victim lender negligence nor an individual victim lender's intentional disregard of relevant information is a defense to mail fraud. *United States v. Lindsey*, 850 F.3d 1009, 1015–16 (9th Cir. 2017). Appellants' notice of expert testimony and their response to the government's motion to exclude that testimony demonstrated that Appellants' expert intended to testify about the conduct and motives of the victim lenders, not about the standards and general practices of the mortgage industry.  Therefore, the district court did not err in excluding the expert testimony.  Additionally, the exclusion of the expert testimony and evidence of the victim lenders' lending practices did not violate the Confrontation Clause because Appellants had the opportunity to cross-examine the lender witnesses. *See United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc).

2.      Count one of the Indictment charged Appellants with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.  To establish a single conspiracy, the government must prove: (1) "that an overall agreement existed among the conspirators"; and (2) that "each defendant knew, or had reason to

---

[1]  The court denies Palamarchuk's motion for judicial notice of expert testimony given in a different case before the Eastern District of California.

know . . . that his benefits were probably dependent upon the success of the entire operation." *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999) (quotations and citations omitted). Here, the government introduced evidence that Palamarchuk and Bondaruk submitted residential loan applications bearing false information to purchase two homes and to refinance one of those homes. Kuzmenko and Zhiry participated in the creation of false documents to facilitate the receipt of proceeds from the sale of those homes, and Zhiry then distributed those proceeds to Palamarchuk and another individual. The government introduced evidence that Bondaruk made false statements to obtain a home equity line of credit (HELOC) on one of the homes and that Palamarchuk, a loan officer and the contact person for the home purchases, inflated the appraised value of one home. The government also presented evidence pursuant to Federal Rule of Evidence 404(b) that Kuzmenko, Palamarchuk, and Zhiry participated in a similar scheme around that same time period. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of a single conspiracy beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Additionally, the district court did not plainly err by failing to give a specific unanimity instruction *sua sponte* because there did not appear to be a "'genuine possibility of jury confusion or that a conviction may occur as the result of

4

different jurors concluding that the defendant committed different acts.'" *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) (quoting *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011)). The indictment described one conspiracy, named all four defendants, and identified the object of the conspiracy. The government's opening and closing arguments referred to a single agreement, and the evidence was not so complex to suggest a likelihood of juror confusion.

3. Count two of the Indictment charged Palamarchuk and Bondaruk with making materially false statements to a bank for purposes of influencing the bank in connection with the HELOC in violation of 18 U.S.C. § 1014. The government submitted evidence that Palamarchuk helped Bondaruk submit residential loan applications bearing false information to purchase two homes, received commissions related to those transactions, was involved in the distribution of proceeds from those transactions, and she inflated the appraisal of one of the homes.

Viewing the evidence in the light most favorable to the prosecution, any rational juror could have concluded that Palamarchuk violated § 1014 under a *Pinkerton* theory of liability because it was reasonably foreseeable and within the scope of the conspiracy that Bondaruk would make false statements to a bank to obtain another loan. *See Pinkerton v. United States*, 328 U.S. 640, 646–47 (1946);

5

*see also United States v. Gadson*, 763 F.3d 1189, 1215–17 (9th Cir. 2014).

4.      Appellants also argue there was insufficient evidence to satisfy the mailing element of mail fraud underlying their conspiracy and money laundering convictions, and they challenge the jury instruction related to the mailing element of mail fraud. *See* 18 U.S.C. §§ 1341, 1349, 1957. Mail fraud has two elements "(1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." *Schmuck v. United States*, 489 U.S. 705, 721 (1989). The government presented evidence that the lenders required the recorded deeds of trust be returned to them, and that the deeds of trust were mailed to the lenders as evidence of the collateral to secure the loans. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the element of mailing beyond a reasonable doubt because mailing the recorded deed of trust to the lender was "part of the execution of the scheme as conceived" by Appellants. *Schmuck*, 489 U.S. at 715.

Additionally, when considered as whole, the jury instructions on the mailing element were not "'misleading or inadequate to guide the jury's deliberation.'" *United States v. Liew*, 856 F.3d 585, 596 (quoting *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010)). The instructions properly stated that the use of the mail must be "incident to" the scheme, and also instructed that the mailing must be

6

used as "part of the scheme," to "carry out or attempt to carry out an essential part of the scheme." *See Schmuck*, 489 U.S. at 710–11 (stating that "[i]t is sufficient for the mailing to be incident to an essential part of the scheme or a step in [the] plot") (internal quotation and citation omitted)).

5. The district court did not err when it admitted Palamarchuk's statements made during a recorded conversation with a cooperating witness. When examined in context, Palamarchuk's statements were against her penal interest because they concerned her knowledge of the conspiracy and her participation with Kuzmenko and Bondaruk in activities to further the conspiracy. *See* Fed. R. Evid. 804(b)(3); *United States v. Paguio*, 114 F.3d 928, 933–934 (9th Cir. 1997).

While Palamarchuk's statements about Bondaruk drinking and being lazy were improper, *see* Fed. R. Evid. 404(a), the admission of those statements was harmless because they supported Bondaruk's theory that Palamarchuk was biased against him and because there was overwhelming evidence connecting Bondaruk to the real estate transactions and the related false statements. *See United States v. Lui*, 941 F.2d 844, 848 (9th Cir. 1991).

Additionally, the admission of Palamarchuk's statements did not violate the Confrontation Clause because, when viewed objectively, reasonable participants would have considered the purpose of Palamarchuk's meeting with the cooperating witness as a conversation between friends over dinner. *See Michigan v. Bryant*,

7

562 U.S. 344, 360–61 (2011).

6.    The district court did not abuse its discretion by denying Zhiry a minor role adjustment under § 3B1.2(b) of the Sentencing Guidelines. The district court applied the relevant factors to Zhiry's role in the overall conspiracy and reasonably concluded that, compared to the other participants, she was an average participant based on her role in creating a fraudulent deed of trust to obtain proceeds from the conspiracy and in distributing those proceeds. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

7.    The district court did not abuse its discretion by imposing a partially consecutive sentence on Kuzmenko to punish him for his conduct in this case. *See* 18 U.S.C. § 3584(a).

8.    At sentencing, the district court recognized its obligation to consider the 18 U.S.C. § 3553 factors, considered and rejected Bondaruk's arguments for a variance from the Sentencing Guidelines, and adequately explained its rationale for sentencing Bondaruk within the Guidelines range.

9.    The government concedes error because the district court did not consider all relevant factors when denying Bondaruk a minor role adjustment. *See Quintero-Leyva*, 823 F.3d at 523. We vacate Bondaruk's sentence and remand to the district court for resentencing considering the factors relevant to a minor role adjustment under Sentencing Guidelines § 3B1.2(b), comment, n. 3(c).

8

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**