UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>JOHN KEVIN MOORE, AKA Kevin<br>Moore,<br><br>    Defendant-Appellant. | No. 19-30031<br><br>D.C. No.<br>4:17-cr-00042-BMM-1<br>District of Montana,<br>Great Falls<br><br>ORDER |

Before:  McKEOWN and PAEZ, Circuit Judges, and HUCK,\* District Judge.

The memorandum disposition filed on May 20, 2020, and appearing at 816 F. App'x 56 (9th Cir. 2020), is amended as follows:

At 816 F. App'x at 59, the text starting with the sentence beginning <Each of these examples exhibits a fiduciary-type relationship> through the sentence concluding with <concealment of the offense" under § 3B1.3.> is deleted and replaced with the sentence: <Regardless of the duties under Montana law that Moore may have owed to the victims once they became members of the LLC, a relationship of public or private trust did not exist between Moore and the victims at the time Moore solicited their investments.>.  The subsequent sentence is

---

\* The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

revised and shall read: <The district court therefore erred in applying the two-level sentencing enhancement to Moore for abuse of trust.>.

The amended memorandum disposition is filed concurrently with this order.

With these amendments, a majority of the panel votes to deny the government's petition for panel rehearing (Dkt. No. 41). Judges Paez and Huck vote to deny the petition for panel rehearing and Judge McKeown votes to grant the petition for panel rehearing. The panel votes to deny Moore's petition for panel rehearing (Dkt. No. 42). The petitions for panel rehearing are denied.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30031 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00042-BMM-1 |
| v. | |
| JOHN KEVIN MOORE, AKA Kevin Moore, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted March 6, 2020
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK,[**] District Judge.

John Kevin Moore appeals from his conviction and sentence in the District

of Montana for wire fraud under 18 U.S.C. § 1343, money laundering under 18

U.S.C. § 1957, and making false statements under 18 U.S.C. § 1001(a)(2). The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

Moore first argues that the Superseding Indictment was unconstitutionally vague and failed to identify Moore's false statements with requisite specificity. An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The indictment is constitutionally sufficient if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995) (internal quotation marks and citation removed). The Superseding Indictment included the requisite elements for wire fraud, money laundering, and making false statements, which was "adequate detail to inform the defendant of the charge." *Id.* (internal quotation marks and citation removed). The government was not required to prove a specific, materially false statement on which the jury unanimously agreed for its charge of wire fraud. *See United States v. Woods*, 335 F.3d 993, 999 (9th Cir. 2003).

Moore next argues that the district court erred when it declined to adopt his suggested special unanimity instruction. A general unanimity instruction is ordinarily sufficient to protect a defendant's constitutional right to a unanimous verdict in a criminal prosecution, but a special instruction is necessary "if it

2

appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Gonzales*, 786 F.3d 714, 717 (9th Cir. 2015) (internal quotation marks and citation removed). The district court's jury instruction—which included a clarification that the jury must agree "as to the scheme or plan to defraud devised by the defendant"—was sufficient to ensure Moore's right to a unanimous verdict.

The Constitution and the Federal Rules of Criminal Procedure require that a trial take place in the district in which the charged crime was committed, but not the division. *See Carillo v. Squier*, 137 F.2d 648, 648 (9th Cir. 1943) ("[A] trial, judgment and sentence in one division is not invalid or void because the crime was committed in another division in the same district."); Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed."). Moore concedes that the proper venue was the District of Montana, but he argues that the trial should have been held in the Missoula Division of the district, not the Great Falls Division, in accordance with local district rules. Before trial, Moore filed a motion for a transfer of venue, which the district court denied. Local district rules provide that the district court may exercise discretion over where the trial is held among the various court-created divisions of the district. *See* D. Mont. Crim. R. 18.1. Moore has not alleged any actual prejudice that resulted

from the alleged violation of local rules. *See United States v. Allen*, 633 F.2d 1282, 1294 (9th Cir. 1980) (holding that there was no reversable error in a violation of local assignment rules absent a showing of actual prejudice). The district court did not abuse its discretion in denying Moore's motion.

Moore contends that the district court erred in denying his motion to suppress the transcript of a conversation he had with FBI agents, which he alleges was the product of a warrantless search and seizure in violation of the Fourth Amendment. One exception to the warrant requirement is the "knock and talk" exception, which allows an officer to enter an individual's home to conduct an interview if the entrance is consensual. *United States v. Perea-Rey*, 680 F.3d 1179, 1187–88 (9th Cir. 2012). Moore consented to agents entering his home to conduct an interview, and so the district court did not err in denying Moore's motion to suppress the transcript of that conversation.

Moore next argues that the district court erred in denying his motion to dismiss for pre-indictment delay. In *United States v. Manning*, we held that claims for pre-indictment delay should be evaluated by considering: (1) whether there was actual prejudice to the defendant, (2) the length of the delay, and (3) the government's reason for the delay. 56 F.3d 1188, 1194 (9th Cir. 1995). The "burden of proving that a preindictment delay caused actual prejudice is a heavy one," and "[the defendant] must demonstrate how the loss of a witness and/or

4

evidence is prejudicial to his case." *United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003) (internal quotation marks and citations removed). Moore has failed to allege any actual prejudice in this case, and the district court did not err in denying Moore's motion to dismiss.

Moore also argues that the district court improperly applied a two-level sentencing enhancement for obstruction under USSG § 3C1.1. The district court applied this enhancement on the ground that Moore committed perjury during the trial. We have previously held that perjury qualifies as obstruction where: "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) (internal quotation marks and citations removed). The record supports the district court's determination that Moore's testimony at trial qualified for the obstruction enhancement under the *Castro-Ponce* test.

Finally, Moore argues that the district court erred in applying an abuse of trust enhancement when calculating the appropriate Sentencing Guidelines range. Under USSG § 3B1.3, a district court may impose a sentencing enhancement for abuse of trust "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." The notes to the Sentencing Guidelines explain that "abuse of trust" is found in situations such as a lawyer embezzling funds from a

client, a bank executive engaging in a fraudulent loan scheme, or a physician sexually abusing a patient.  USSG § 3B1.3, cmt. n.1 (2009).

Regardless of the duties under Montana law that Moore may have owed to the victims once they became members of the LLC, a relationship of public or private trust did not exist between Moore and the victims at the time Moore solicited their investments.  The district court therefore erred in applying the two-level sentencing enhancement to Moore for abuse of trust.

For these reasons, the judgment of the district court is affirmed in part and reversed in part.  We remand for further proceedings consistent with this disposition.

**AFFIRMED IN PART AND REVERSED IN PART.**