NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10262 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00043-LEK-5 |
| v. | |
| PATRICK BELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 15, 2024**
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

In this appeal, Defendant Patrick Bell raises several challenges to his

conviction and sentence after being found guilty of four federal drug trafficking

counts. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are

familiar with the facts, we do not recount them here, except as necessary to provide

___

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

context to our ruling. We affirm Bell's conviction and affirm his sentence in large part, but we vacate the district court's imposition of the "standard conditions" of supervised release and remand for the district court to orally pronounce any such conditions it chooses to impose.

1. Bell raises two challenges to the district court's denial of his requested jury instructions. We review both challenges for abuse of discretion. *See United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020).

First, the district court did not abuse its discretion by declining to offer an entrapment instruction with respect to Counts 4 and 5. A defendant is not entitled to an entrapment instruction unless he can point to evidence showing that (1) he "was induced to commit the crime by a government agent," and (2) he "was not otherwise predisposed to commit the crime." *Spentz*, 653 F.3d at 818. "Only slight evidence will create the factual issue necessary to get the [entrapment] defense to the jury," and such evidence may be "weak, insufficient, inconsistent, or of doubtful credibility." *Id.* However, "there still must be *some evidence* demonstrating the elements of the defense before an instruction must be given." *Id.* (emphasis added).

Bell cannot point to sufficient evidence to establish that either element of entrapment was present here. With respect to inducement, the evidence tends to

2

show merely that government agents created the *opportunity* for Bell to pick up drug parcels, which, although relevant, is insufficient on its own. *See, e.g.*, *United States v. Poehlman*, 217 F.3d 692, 701 (9th Cir. 2000) ("An 'inducement' consists of an 'opportunity' *plus* something else — typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type motive." (citation omitted)).

Even if Bell could show that there was "slight evidence" of inducement, he does not point to anything to plausibly demonstrate his lack of predisposition. Instead, the record clearly shows that Bell was eager to engage in the specific conduct underlying Counts 4 and 5 (i.e., picking up a drug parcel on March 19, 2018, and picking up his payment of drugs the day after), and that he was far from reluctant to engage in drug trafficking generally. Additional evidence tends to support the other factors the Ninth Circuit has concluded are relevant to the question of lack of predisposition. *United States v. Gurolla*, 333 F.3d 944, 955 (9th Cir. 2003) (listing relevant factors and noting that, although no single factor controls, "the most important is the defendant's reluctance to engage in criminal activity"). On this record, we cannot conclude that the district court abused its discretion by declining to offer an entrapment instruction.

Second, the district court did not abuse its discretion in denying Bell's request for a specific unanimity instruction with respect to Count 2. Although

3

specific unanimity instructions are necessary in some circumstances, we have held that "[i]n the typical case, a district court's general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict." *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015). Bell contends that specific jury unanimity was required here because the evidence showed that there were two separate points on February 2, 2018, at which he could have possessed fifty or more grams of methamphetamine: (a) when Bell picked up a parcel containing five pounds of crystal methamphetamine from Chika's Gas Station and delivered it to Oscar Robles-Ramos, and (b) when Bell received a small bag containing two ounces of crystal methamphetamine from Robles-Ramos later that day as payment for picking up the parcel. Without a specific unanimity instruction, Bell argues, the jury could have convicted him on Count 2 without necessarily agreeing as to which of these two acts of possession occurred.

We have previously rejected similar arguments and held that a specific unanimity instruction is not required even where there is evidence that a defendant possessed a controlled substance at separate points across a prolonged timespan. *See United States v. Mancuso*, 718 F.3d 780, 792–93 (9th Cir. 2013) (multiple alleged instances of possession of cocaine across seven-year timespan); *United States v. Ferris*, 719 F.2d 1405, 1406–07 (9th Cir. 1983) (multiple alleged instances of possession of LSD across two-month timespan). Because possession

4

of a controlled substance with intent to distribute is a continuing offense, "[i]t does not matter that different jurors may have found different pieces of testimony credible, as long as the jury is unanimous on the bottom line conclusion that [the defendant] was guilty of the acts charged." *Mancuso*, 718 F.3d at 793 (citing *Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (plurality opinion), *abrogated in part on other grounds by Ramos v. Louisiana*, 140 S. Ct. 1390 (2020)).

Bell does not address these cases or explain why their holdings should not apply. True, the separate acts of possession evidenced here were not literally continuous: Bell presumably lost possession of the five-pound parcel of crystal methamphetamine when he delivered the parcel to Robles-Ramos, and it was only later that day when Robles-Ramos gave Bell the two-ounce payment of crystal methamphetamine in return. Nevertheless, these two acts were undoubtedly "set on foot by a single impulse" and thus part of the same continuing offense of possession with intent to distribute. *Mancuso*, 718 F.3d at 792. In any event, Bell provides no authority supporting his contention that a specific unanimity instruction is required where a defendant's separate acts of possession were, in his words, "without continuity or overlap."

Furthermore, there were no other special considerations here suggesting that a specific unanimity instruction should have been provided. The facts presented to the jury were relatively straightforward, and there was "no communication or other

5

indication from the jury suggesting that it was in any way confused." *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989). Taking these facts and our precedent into account, we conclude that the district court did not abuse its discretion by declining to require specific jury unanimity as to Count 2.

2. Next, Bell raises several challenges to the district court's imposition of his sentence. Bell first argues that the district court erred by not affording him a two-level reduction under U.S.S.G. § 3E1.1(a) because "he clearly demonstrated acceptance of responsibility for his offenses" during his confession to law enforcement on March 20, 2018. Reviewing for clear error, *see United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010), we affirm. Although Bell admitted to engaging in conduct relevant to his indicted charges, we agree with the government that Bell was not forthcoming about his own efforts to sell crystal methamphetamine to others (and, indeed, denied any knowledge of selling drugs). Bell likewise did not disclose many of the other ways in which he aided the drug trafficking operation, such as by helping package and send drug proceeds from Hawaiʻi to Mexico on at least two occasions.

Bell also expressed little in the way of contrition or remorse for his actions. *See United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994) ("The primary goal of the reduction is to reward defendants who are genuinely contrite."). Notably, Bell proceeded to trial where he contested his culpability as to the

6

different counts. We thus conclude that this is not one of the "unusual cases in which a defendant is entitled to an acceptance of responsibility reduction despite having pleaded not guilty." *Id.* at 852.

The district court also did not clearly err by finding Bell ineligible for safety valve relief under 18 U.S.C. § 3553(f). *See United States v. Salazar*, 61 F.4th 723, 726 (9th Cir. 2023). Again, although Bell was forthcoming about some of his involvement in the drug trafficking operation, we agree that he did not provide the government "all of the information" he knew, as is required to obtain safety valve relief. 18 U.S.C. § 3553(f)(5). Namely, the record reflects that Bell had a "network of customers to whom he intended to distribute" crystal methamphetamine, yet Bell denied any knowledge of how to sell drugs.

For many of the same reasons, we conclude that the district court did not err in declining to grant Bell a mitigating role reduction pursuant to U.S.S.G. § 3B1.2.[1] Even if Bell played a more minor role than several of his coconspirators and may not have "exercised decision-making authority or influenced the exercise of decision-making authority," U.S.S.G. § 3B1.2 cmt. n.3(C)(iii), the record supports

---

[1] There appears to be a split of authority as to whether the district court's determination about whether a defendant was engaged in a mitigating role is reviewed for clear error, or for abuse of discretion. *Compare United States v. Dominguez-Caicedo*, 40 F.4th 938, 965–66 (9th Cir. 2022), *with Rosas*, 615 F.3d at 1066. We need not decide which standard applies because Bell's argument fails under either.

the district court's conclusion that Bell was "not a minor participant." *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006) (under U.S.S.G. § 3B1.2, "[i]t is not enough that a defendant was less culpable than his or her co-participants, or even that he or she was among the least culpable members of the group"). Among other things, Bell was "involved in picking up parcels" of crystal methamphetamine, and volunteered his own address to receive drug parcels. Bell also stood to benefit financially from his participation in the drug trafficking operation — at least to be able to pay his own bills, and perhaps to bring in substantially more money. We thus affirm the district court in this respect.

3. Finally, in his Reply Brief, Bell for the first time raises two additional challenges to his sentence. Citing our decision in *United States v. Stephens*, 424 F.3d 876 (9th Cir. 2005), Bell argues that the district court's imposition of a sentencing condition requiring him to undergo alcohol testing "at the direction of the probation office," was an improper delegation of authority to a nonjudicial officer. Because he could have raised this argument in his Opening Brief but failed to do so, Bell waived this argument, and we decline to consider it. *See, e.g.*, *United States v. Kelly*, 874 F.3d 1037, 1051 n.9 (9th Cir. 2017).

However, the parties agree that a limited remand is appropriate in light of our recent en banc decision in *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc). *Montoya* was decided after the district court imposed Bell's

8

sentence, and after Bell filed his Opening Brief and the government filed its Answering Brief. We agree that a limited remand is appropriate and, accordingly, "vacate only the conditions of [Bell's] supervised release that were referred to as the 'standard conditions' in the written sentence but were not orally pronounced" at sentencing. *Id.* at 656. On remand, the district court shall orally pronounce "any of the standard conditions of supervised release it chooses to impose," such that Bell has an opportunity to object to them. *Id.*

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**