**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50227 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00543-SB-AB-3 |
| v. | |
| WILLIE ALSHA HILL, AKA Big Smoke, AKA Keith, AKA Smeezy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted May 16, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Appellant Willie Alsha Hill was convicted of conspiracy to distribute, or possess with intent to distribute, controlled substances in violation of 21 U.S.C. § 846. He challenges the district court's denial of his request for a mistrial, the sufficiency of the evidence supporting his conviction, the district court's failure to provide specific unanimity and multiple conspiracies jury instructions, and the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reasonableness of his 110-month prison sentence and gang-related conditions of supervised release.[1] We review the denial of a motion for a mistrial for abuse of discretion. *See United States v. Ubaldo*, 859 F.3d 690, 700 (9th Cir. 2017). We review de novo the denial of a motion for acquittal based on insufficiency of the evidence. *See United States v. Sineneng-Smith*, 982 F.3d 766, 776 (9th Cir. 2020). When there is no objection to jury instructions at the time of trial, we review only for plain error. *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015). Where a defendant fails to object to a condition of supervised release, we review the condition for plain error. *United States v. Johnson*, 626 F.3d 1085, 1088–89 (9th Cir. 2010). We review substantive and procedural challenges to the district court's sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. "Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." *United States v. Valdez-Soto*, 31 F.3d 1467, 1473 (9th Cir. 1994) (quoting *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir. 1985)). Hill fails to establish that he was prejudiced by the district court's grant of a mistrial to his codefendant. First, the district court's curative

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them in detail.

2

instructions likely cured any risk of jury confusion. *See United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997). Second, much of the evidence presented in Hill's trial would have likely been admitted even if the trial had proceeded against Hill alone. *See id.* Third, the Government presented to the jury only two exhibits related to a separate heroin possession and distribution conspiracy involving Hill's codefendant, and one of these exhibits was immediately struck from the record. At no point during trial did the Government argue that Hill was implicated in the heroin conspiracy, which involved a different drug, location, and mode of operation from those at issue in the South Los Angeles drug-trafficking organization conspiracy Hill was alleged to have participated in ("South LA DTO conspiracy").

2. A conspiracy conviction under 21 U.S.C. § 846 requires proof beyond a reasonable doubt of "an agreement to further distribute the drug in question" and "intent to commit the underlying offense." *United States v. Mendoza*, 25 F.4th 730, 736–37 (9th Cir. 2022) (first quoting *United States v. Lennick*, 18 F.3d 814, 819 n.4 (9th Cir. 1994); then quoting *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009)). In reviewing a challenge to the sufficiency of evidence supporting a conviction, we "consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

The evidence here was sufficient to establish that Hill participated in the South LA DTO conspiracy. First, the nature of the conspiracy was the sale of drugs, and Hill supplied drugs to South LA DTO conspiracy customers. Second, telephone recordings and surveillance evidence linked Hill to specific drug transactions involving some of his coconspirators. Finally, given that Hill was supplying drugs that other members of the conspiracy were selling to customers, it is apparent that his goals aligned with those of his coconspirators. *United States v. Kearney*, 560 F.2d 1358, 1362 (9th Cir. 1977).

3. "Evidence sufficient to support a multiple conspiracies instruction is present where a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment." *Mincoff*, 574 F.3d at 1196 (quoting *United States v. Fernandez*, 388 F.3d 1199, 1247 (9th Cir. 2004)). A specific unanimity jury instruction is warranted if it appears "that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Lapier*, 796 F.3d 1090, 1099 (9th Cir. 2015) (quoting *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015)).

Here, the district court did not err in failing to give a multiple conspiracies or specific unanimity jury instruction because the evidence did not support the

4

existence of "separate conspiracies unrelated to the overall conspiracy." *Mincoff*, 574 F.3d at 1196 (quoting *Fernandez*, 388 F.3d at 1247). A multiple conspiracies instruction is inapposite in cases like this one that involve only a single defendant. *See United States v. Chen Chiang Liu*, 631 F.3d 993, 999–1000 (9th Cir. 2011) ("A multiple conspiracy jury instruction is appropriate if an indictment 'charges several defendants with one overall conspiracy, but the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment.'" (quoting *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir. 1989))). And given the curative instructions provided by the district court, it cannot reasonably be said that there was a "genuine possibility of jury confusion" or a risk that Hill would be convicted "as the result of different jurors concluding that [Hill] committed different acts." *Lapier*, 796 F.3d at 1099 (quoting *Gonzalez*, 786 F.3d at 717).

4. In determining the reasonableness of a condition of supervised release, this court "first consider[s] whether the district court committed significant procedural error, then . . . consider[s] the substantive reasonableness of the sentence." *United States v. Daniels*, 541 F.3d 915, 921 (9th Cir. 2008) (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)).

5

The district court did not procedurally or substantively err in imposing gang-related conditions of supervised release. The court was not required to explicitly state the reasons for imposing the gang-related conditions of supervised release as its rationale was apparent from Hill's criminal history. *United States v. Collins*, 684 F.3d 873, 890 (9th Cir. 2012). The gang-related conditions were also substantively reasonable, given Hill's history of gang affiliation.

Hill's 110-month prison sentence was also procedurally and substantively reasonable. At sentencing, the district court explained the basis for its sentence and accounted for Hill's role in the conspiracy, challenging upbringing, health, employment, criminal history, and other factors. At most, Hill's arguments suggest that another court might "reasonably have concluded that a different sentence was appropriate," which is insufficient to establish an abuse of discretion. *Gall*, 552 U.S. at 51.

5. Because we find no error, we reject Hill's argument that cumulative errors in his trial and sentencing warrant reversal.

**AFFIRMED.**